Judge Mills
delivered the Opinion of the Court.
The defendants in error moved to quash a recognizance entered into by them, one of them as principal and the rest as sureties, binding them to pay the plaintiff a certain sum, composed of debt and costs, being the amount of a judgment therein recited, relying on the ground, that there was no such judgment as that recited in the recognizance.
No evidence was produced by them upon the motion. On the part of the plaintiff, a judgment was produced to support the recognizance, agreeing with it in all respects, except that the sum for which the judgment was rendered was far greater than that recited in the recognizance.
The court below quashed the recognizance, and to reverse that decision, this writ of error is prosecuted.
If the judgment produced was not the same on which the recognizance was taken, it certainly lay upon the plaintiffs in the motion, now defendants in error, to show, negatively, that there was no such judgment For if it could be admitted that the recital of a judgment in the recognizance, did not es-top them to deny that there was such judgment, it must, at ail events, be prima facie evidence, of the existence of a judgment, and must stand until the contrary appears, and therefore, the motion ought not to have prevailed.
But when we look at the judgment produced by the plaintiff in error, and compare it with that recited in the recognizance, we are necessarily led to *177 the conclusion, that it is the same judgment which the recognizance was intended to secure, and the difference in the amount of them was produced by a mistake of the clerk.
That the sum in the recognizance is less than the judgment, is ground for the cognizee, not coguizor, to quasi).
As to authority of the clerk.
Turner for plaintiff.
Mistakes of the officers of the law, ought to be permitted as seldom as possible, to prejudice the rights of the parties, who have not' been instrumental in producing them, and ought only to vitiate where justice cannot be done without it.. If, therefore, the motion had been made on the part of the plaintiff in error, to quash this recognizance, because it did not secure the whole of his judgment, as it could.not he enlarged to take in the residue, the error must have been fatal. But as the motion comes from the other side, to set aside the recognizance, on the ground of its being more favorable to the movers than it ought to have been, the idea of their success is wholly inadmissible. It is permitting them to avail themselves of that which operates in their favor, and not to their prejudice, against a well known principle of law.
It has been urged that the clerk had no authority to take a recognizance, which contained less than the judgment. To which it may be replied, that the authority delegated to him extended to the whole amount of the judgment, and as the major includes the minor, he must have had authority equal to any smaller portion that» the whole, though he could not go beyond it.
The judgment must, therefore, be reversed with costs, and the cause be remanded, with directions to the court below to overrule the motion, with costs.